UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIRAM CACHOLA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00796 |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is the defendant's, Lowe's (the "defendant"), motion for summary judgment (Dkt. No. 16). The plaintiff Hiram Cachola (the "plaintiff"), has filed a response in opposition to the motion (Dkt. No. 19). After having carefully considered the motion, response, record and applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.    FACTUAL OVERVIEW AND THE PARTIES' CONTENTIONS**

On a rainy day, the plaintiff visited one of the defendant's stores located in Houston, Texas. After exiting the store, he walked to his car. While walking through the parking lot he slipped and fell. He claims to have slipped on a wet handicap symbol painted on the parking lot surface. He suffered injuries as a result of the fall.

Arguing that at least one element of the plaintiff's claim for premises liability and negligence have been negated, the defendant moves for summary judgment. The defendant maintains that the plaintiff has failed to provide evidence that the rain on which he slipped did not result from naturally occurring rain falling at the time of his fall. The defendant claims that

Texas law recognizes that precipitation is a naturally occurring element that does not pose an unreasonable risk of harm. It further contends that it did not owe the plaintiff a duty and did not breach any duty that establishes a premises liability claim.

On the other hand, the plaintiff contends that a material fact exists as to whether the painted handicap symbol created an unreasonable risk of harm. In his deposition, he states that he slipped and fell because of the smooth surface of the symbol in the parking lot. The plaintiff further explains that the concrete parking lot was rough, but made slippery when painted. He adds that a dangerous condition exists as a result of the painted handicap symbol—not the rain itself and as a result creates an unreasonable risk of harm. Therefore, the defendant owed him a duty to exercise reasonable care to reduce or eliminate the unreasonable condition.

## III. LEGAL STANDARD

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis

omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS

To prevail on a premises liability claim a plaintiff must show: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 601 (2006). Both parties acknowledge that it rained on the day the plaintiff visited Lowes. The defendant claims that the rain, naturally occurring precipitation was the unreasonable risk of harm which caused the plaintiff to fall. Nonetheless, the plaintiff claims that the painted handicap symbol itself was the unreasonable risk of harm.

The plaintiff has failed to raise a dispute as to whether the painted symbol was a condition that posed an unreasonable risk of harm. Under Texas law, a condition poses an unreasonable risk of harm "when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2001). Although the plaintiff maintains that the painted handicap symbol posed an unreasonable risk of harm, he has not presented any evidence that the symbol was dangerous in and of itself. He has alleged only that

he slipped and fell under conditions that were created by the symbol. Therefore, there is no evidence that the painted symbol alone posed an unreasonable risk of harm.

Further, the plaintiff has failed to raise a genuine dispute as to whether the defendant knew or should have known that the painted symbol apart from the rain posed an unreasonable risk of harm. An owner/ occupier cannot breach a duty that it does not owe, and it does not owe a duty to correct a dangerous condition of which it is not aware, or did not create. *See Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589, 592 (Tex. App. 2013). The plaintiff has failed to provide any evidence to support his claim that the defendant had knowledge of or caused the alleged condition. For these reasons his liability claims fail.

V. **CONCLUSION**

Summary judgment is proper for the defendant. Based on the foregoing discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 18th day of September, 2019.

                                              Kenneth M. Hoyt
                                              United States District Judge